UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NORMAN ALTMAN,

    Plaintiff,

v.                            Case No.:   2:24-cv-481-JLB-KCD

METROPOLITAN LIFE
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff Norman Altman's Motion to Remand (Doc. 15).[1] Defendant Metropolitan Life Insurance Company has responded in opposition. (Doc. 18.) For the reasons below, the motion is granted.

### I. Background

Altman "secured Long Term Care Benefits through [MetLife]" in 1998. (Doc. 1-1 ¶¶ 8, 9.) MetLife began paying benefits in 2022 but later stopped when Altman moved to a senior living community. (*Id.* ¶¶ 10, 11.) At first, MetLife told Altman his policy didn't cover assisted living facilities. (*Id.* ¶¶ 12, 24.) But MetLife later said the problem was that he "live[d] in the independent living section of the [assisted living facility]." (Doc. 1-1 ¶¶ 15, 17, 24.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Altman sued MetLife in state court, seeking declaratory relief to determine his rights under the policy. (Doc. 1-1 ¶ 1.) MetLife removed the case here, claiming diversity jurisdiction. (Doc. 1 ¶ 7.) Altman now moves to remand the case back to state court. (Doc. 15.) He claims MetLife has not established the amount of controversy requirement for diversity jurisdiction.

## II. Legal Standard

A case filed in state court may be removed if it could have originally been brought in federal court. 28 U.S.C. § 1441(a). Pertinent here, federal courts "have original jurisdiction over . . . civil actions where [there is] diversity." *Stoni Med. Staffing v. Ally Fin.*, No. 4:23-CV-3, 2023 WL 11841026, at *2 (S.D. Ga. Sept. 26, 2023). Diversity jurisdiction is triggered when the parties are citizens of different states and the amount in controversy exceeds $75,000. *Hambrick v. Wal-Mart Stores E., LP*, No. 4:14-CV-66 CDL, 2014 WL 1921341, at *1 (M.D. Ga. May 14, 2014).

The removing party "bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). This requires "facts supporting jurisdiction," not merely allegations. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994). The removing party must provide evidence that is "sufficient to incline a fair and impartial mind to [their] side

of the issue rather than the other." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1209 (11th Cir. 2007).

Removal raises significant federalism concerns, so courts strictly construe removal statutes. *See Burns*, 31 F.3d at 1095. Any doubt as to jurisdiction should be resolved in favor of remand. *See Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

### III. Discussion

Altman maintains that remand is required because the amount in controversy falls below $75,000. (Doc. 15.) He starts by arguing that the complaint seeks only declaratory relief, not monetary damages. (*Id.* at 8.) But declaratory judgment claims are not excluded from calculating the amount in controversy. "In a declaratory judgment action, [f]or amount in controversy purposes[,] . . . the value of declaratory relief is the monetary value of the benefit that would flow to the plaintiff if the relief he is seeking were granted." *First Mercury Ins. Co. v. Excellent Computing Distributors, Inc.*, 648 F. App'x 861, 865 (11th Cir. 2016). Altman concedes there is a monetary value to the requested declaratory relief. If he prevails, MetLife must "overturn its original coverage determination" and "pay for" the outstanding benefits from when he moved to the senior living community. (Doc. 1-1 ¶¶ 40, 41.)

Seemingly recognizing the error with his position above, Altman next argues that the value of his declaratory relief is less than $75,000. First, he

3

says the amount in controversy is only $57,350.70 because that was the value of his claim at the time of filing. (Doc. 15 at 8.) However, the amount in controversy is calculated at the time of removal, not filing. *Siegel v. Bankers Life & Cas. Co.*, No. 11-23244-CIV, 2011 WL 13223967, at *1 (S.D. Fla. Nov. 18, 2011). So the amount in controversy must exceed $57,350.70, since that figure does not account for benefits that accrued between filing the complaint and removal. (Doc. 15 at 9-10.) Altman also expected this result. He notes that if the Court considers the total benefits accrued before removal, the amount in controversy is "approximately $63,723." (Doc. 15 at 8.)

MetLife disagrees with these figures. It believes the amount in controversy "is at least $104,554." (Doc. 18 ¶ 7.) It comes to this sum by multiplying "the maximum daily benefit amount for either the Nursing Home Benefit or the Home Health Care Benefit" ($352) by the number of days that passed between the denial of Altman's claim and the date of removal (297). (*Id.*) In other words, MetLife uses the policy limits to calculate Altman's damages.

MetLife's focus on the policy limits is misplaced. (Doc. 1 ¶¶ 12-14, 16.) Policy limits may be used to determine the amount in controversy "if the validity of an insurance policy is in dispute." *James v. Washington Nat'l Ins. Co.*, No. 3:18-CV-628-J-34JRK, 2018 WL 4091001, at *4 (M.D. Fla. Aug. 28, 2018). But Altman is not challenging the validity of his insurance policy. He

4

instead claims that MetLife did not pay a definite sum of benefits owed. (Doc. 1-1.) "[I]n declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim—not the face amount of the policy." *James*, 2018 WL 4091001, at *4. This is because "the value of the object of litigation in a declaratory action between an insurer and the insured may be less than the face value of the insurance policy." *Witherup v. State Farm Mut. Auto. Ins. Co.*, No. 3:14-CV-1303-J-32MCR, 2015 WL 419064, at *2 (M.D. Fla. Feb. 2, 2015). Thus, the amount in controversy here is the underlying benefits denied, not the face value of the policy. Altman is claiming a lost benefit of $212.70 per day. (Doc. 15-2.) Using that figure, the amount in controversy totals $63,171.90—297 days of lost benefits at $212.70 per day.

MetLife, nevertheless, asks the Court to apply "the maximum daily benefit" because Altman "has placed all of the benefits due under the Policy from approximately August 29, 2023, through the time of removal, in controversy." (Doc. 1 ¶ 16.) As best the Court can tell, MetLife believes Altman "has placed all of the benefits due under the Policy" at issue because living at the assisted living facility will be more expensive than living at home. (Doc. 1 ¶ 16, Doc. 18 at 7.) Since Altman has moved, MetLife concludes, he "is not necessarily seeking nor claiming the same benefit amount(s) he [previously]

5

did." (Doc. 18 at 7.) That may be true. But it was MetLife's burden to "establish the amount in controversy by [t]he greater weight of the evidence." *Lowery*, 483 F.3d at 1209. It has not done so.

MetLife has not shown that Altman is entitled to, or even seeking, additional benefits following his relocation to the senior living community. Nothing in the record reflects that Altman's daily rate at the nursing home is higher than when he lived at home. While "[a] removing [party] may rely on its own affidavits, declarations, or other documentation to establish the amount in controversy," the declaration cannot be a "barebones, conclusory statement" that fails to provide "a sufficient evidentiary foundation to confirm" the declarant's personal knowledge or explain how they "arrived at the conclusions reached[.]" *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1241 (11th Cir. 2013); *Soldevilla v. On the Barrelhead, Inc.*, 2020 U.S. Dist. LEXIS 172581, *5 (S.D. Fla. Sept. 18, 2020). The affidavit from MetLife (written by Sandra Jones) does not explain why the policy limits are the proper starting point for determining the amount in controversy. (Doc. 1-5.) For instance, Jones does not say that Altman has sought a higher daily rate since moving. What is more, Altman demands only the benefit rate received when living at home. (Doc. 15 at 8, Doc. 15-2.) MetLife has certainly not shown that "the maximum daily benefit amount" is the appropriate metric to measure Altman's claim where he has disclaimed that amount. *See Golden v. Dodge-*

6

*Markham Co.*, 1 F. Supp. 2d 1360, 1362 (M.D. Fla. 1998) ("[F]or the purpose of establishing the amount in controversy, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.").

MetLife next turns to attorney's fees and premium refunds to overcome the jurisdictional threshold. According to MetLife, these total $4,000 and $4,783, respectively. (Doc. 18 at 12.) But even accepting these figures as true, they don't move the needle. On the current record, the monetary value of Altman's claim is only $63,171.90. The attorney's fees and premiums are insufficient to bring the dispute above the $75,000 threshold for federal jurisdiction.

MetLife has not shown that the amount in controversy exceeds $75,000 "by [t]he greater weight of the evidence." *Lowery*, 483 F.3d at 1209. Because any doubt as to the Court's jurisdiction should be resolved in favor of remand, this case must return to state court. *See Russell Corp.*, 264 F.3d 1040. Accordingly, it is now **ORDERED**:[2]

1. Plaintiff Norman Altman's Motion to Remand (Doc. 15) is **GRANTED**.

---

[2] Because a motion to remand does not address the merits of the case but merely changes the forum, it is a non-dispositive matter appropriately handled by order. *See Vazquez v. Lowe's Home Centers, LLC*, No. 2:24-CV-351-JLB-NPM, 2024 WL 3026386, at *2 n.2 (M.D. Fla. June 17, 2024); *Franklin v. City of Homewood*, No. CIV.A. 07-TMP-006-S, 2007 WL 1804411, at *3 (N.D. Ala. June 21, 2007).

2. If no objections are filed within 14 days of this order, which is the time allotted under Fed. R. Civ. P. 72, the Clerk is directed to remand this case to state court by transmitting a certified copy of this Order to the clerk of court for the Twentieth Judicial Circuit in and for Collier County, Florida. The state-court case was previously captioned 2024-CA-831.

3. Following remand, the Clerk shall terminate any pending motions, terminate all deadlines, and close the case.

4. If objections are timely filed, the Clerk is directed to hold disposition until ordered by the District Judge.

**ENTERED** in Fort Myers, Florida on July 23, 2024.

*[signature]*
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record